**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

SWANSON TOOL CO., INC.,

                    Plaintiff,

      v.

SPEED NORTH AMERICA, INC.,

                    Defendant.

Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Swanson Tool Co., Inc. ("Plaintiff" or "Swanson"), through its undersigned counsel, states as follows for its complaint against Speed North America, Inc. ("Defendant" or "SNA"):

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, wherein Swanson seeks declarations that: (1) SNA is a licensee of Swanson's SAVAGE Marks, as defined herein, and (2) SNA's Opposition (No. 91304959) before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office to Swanson's United States Trademark Application Ser. No. 98/206,557 ("Application") to register the mark SAVAGE should be dismissed with prejudice.

## PARTIES

### *Swanson*

2.      Swanson is an Illinois corporation with its principal place of business at 211 Ontario Street, Frankfort, Illinois 60423.

3.      Swanson is a manufacturer of a wide variety of products sold via online retailers and in hardware stores, including blades, cutting tools, measuring tools, hand tools, levels, writing instruments, and related accessories.

4.      Swanson and its predecessors in interest have conducted business throughout the United States since at least as early as 1925.

### SNA

5.      SNA is a Delaware corporation with its principal place of business at 1700 Old Mansfield Road, Wooster, OH 44691. SNA conducts business in Illinois, including within this District, and the jurisdiction of this Court.

## JURISDICTION AND VENUE

6.      This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121(a) because Swanson seeks declarations under the Declaratory Judgment Act, 28 U.S.C. § 2201, that will avoid the coercive action taken by SNA enforce Swanson's rights arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court also has federal supplemental jurisdiction under 28 U.S.C. § 1367.

7.      This Court possess personal jurisdiction over SNA pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.* and such an assertion is in accordance with the Due Process clause of the Fourteenth Amendment of the United States Constitution.

8.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) because Swanson's principal place of business is in this District, a substantial part of the events or omissions giving rise to the asserted claims occurred in this District, a substantial part of the subject property is located in this District, SNA transacts business in this District, and harm to Swanson has occurred in this District.

9.      Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this Division.

**Swanson's SAVAGE Marks**

10.     Long prior to the acts of SNA alleged herein, and since at least as early as June 2007, Swanson has continuously used the SAVAGE mark in United States commerce in connection with a wide variety of tools and accessories.

11.     Over the years, Swanson has also adopted and used a family of marks that incorporate the SAVAGE mark, including SAVAGE & design (i.e., *SAVAGE* ) and SAVAGE & design (i.e., **SAVAGE**).

12.     Swanson is the owner of the following United States Trademark Registrations for or comprised of the mark SAVAGE (together, the "SAVAGE Registrations"), all of which are legally and validly registered on the Principal Register of the United States Patent and Trademark Office:

| Mark | Reg. No. | First Use Date | Reg. Date | Status |
|------|----------|----------------|-----------|--------|
| SAVAGE | 3,683,541 | October 2007 | September 15, 2009 | Incontestable |
| SAVAGE | 4,764,777 | June 2007 | June 30, 2015 | Incontestable |
| SAVAGE | 5,428,590 | 2008 | March 20, 2018 | Incontestable |
| SAVAGE | 6,866,556 | December 31, 2011 | October 4, 2022 | Registered |
| SAVAGE & design *SAVAGE* | 4,760,485 | June 2007 | June 23, 2015 | Incontestable |
| SAVAGE & design **SAVAGE** | 6,666,998 | June 15, 2015 | March 8, 2022 | Registered |

Copies of the Certificates of Registration and the United States Patent & Trademark Office ("USPTO") Trademark Status and Document Retrieval ("TSDR") printouts for the SAVAGE Registrations are attached as Exhibit A.

13.     Swanson also owns extensive common law rights in its SAVAGE marks in connection with a variety of blades, cutting tools, hand tools, measuring tools, and related items.

Swanson promotes and sells these goods under its SAVAGE marks via online and brick-and-mortar retail stores.

14. The marks reflected in the SAVAGE Registrations, together with Swanson's aforesaid extensive common law rights, are hereinafter referred to as the "SAVAGE Tool Marks."

15. Pursuant to 15 U.S.C. § 1057(b), Swanson's federal registration certificates are *prima facie* evidence of the validity of its SAVAGE Registrations as well as Swanson's ownership and exclusive right to use its SAVAGE Registrations in connection with the goods identified in the registration certificates.

16. Moreover, Swanson's incontestable registrations under 15 U.S.C. § 1065 are conclusive evidence of the validity of the marks listed in the registrations, Swanson's ownership of the marks, and Swanson's exclusive rights to use the marks in commerce in connection with the identified goods. 15 U.S.C. § 1115(b).

17. Swanson also owns a pending United States application to register the word mark SAVAGE filed on October 2, 2023 (Ser. No. 98/206,557). A copy of the TSDR printout for the Application is attached as Exhibit B. Swanson owns associated common law rights to the SAVAGE mark for trimmer line. The rights to the Application, together with the associated common law rights for trimmer line, are hereinafter referred to as the "SAVAGE Line Marks."

18. The SAVAGE Tool Marks and the SAVAGE Line Marks are referred to herein as the "SAVAGE Marks."

19. Swanson uses its SAVAGE Marks in advertising and marketing materials on a nationwide basis through various media, including but not limited to, websites, social media, newspapers, radio, trade magazines, and tradeshows. Swanson has invested significant resources

in advertising and promoting its wide variety of tools and accessories sold in connection with the SAVAGE Marks.

20.     As a result of the extensive sales, advertising, and promotion of Swanson's SAVAGE Marks, and through favorable industry acceptance and recognition, the consuming public and the trade have come to recognize and identify Swanson as the source of the high-quality products offered in connection with Swanson's SAVAGE Marks. Further, customers have come to associate the SAVAGE Marks with Swanson even when encountering the term apart from Swanson's products.

21.     Swanson's SAVAGE Marks are assets of incalculable value as identifiers of Swanson and its high-quality products and goodwill.

22.     In addition to Swanson's use of the SAVAGE Marks, Swanson licenses the use of its valuable intellectual property, including the SAVAGE Line Marks.

**Swanson's License to SNA to Use Swanson's SAVAGE Marks with Trimmer Line**

23.     SNA manufactures, promotes, and sells trimmer line for use in cutting grass and brush throughout the United States.

24.     SNA targets and sells goods to consumers in the Northern District of Illinois.

25.     In 2020, SNA proposed to Lowe's Home Centers ("Lowe's"), a retailer of Swanson's goods sold under the SAVAGE Marks, that SNA manufacture and sell SAVAGE branded trimmer line to Lowe's.

26.     Lowe's advised SNA that Swanson owned the SAVAGE Marks for tools and related products, and stated that SNA must contact Swanson to obtain Swanson's permission and authorization to sell trimmer line under the mark SAVAGE.

27. In response to the request from Lowe's, SNA conducted a trademark clearance search and identified Swanson's SAVAGE Marks as blocks to SNA's proposed use of SAVAGE with trimmer line.

28. Having knowledge of Swanson's prior rights to the SAVAGE Marks for a broad array of tools and accessories, and in light of SNA's plans to sell trimmer line under the SAVAGE mark, SNA asked if Swanson had any issue with SNA moving forward with its proposed use of SAVAGE with trimmer line.

29. Specifically, on or about December 1, 2020, Bob Morrison, Vice President of Sales and Marketing for SNA ("Mr. Morrison"), contacted Swanson to advise Swanson of SNA's desire to manufacture and sell SAVAGE branded trimmer line, and Lowe's request that SNA obtain permission from Swanson to make and sell trimmer line under the SAVAGE mark.

30. On or about December 16, 2020, Mr. Morrison participated in a teleconference with Jim Allemand, President of Swanson ("Mr. Jim Allemand"), to request a license from Swanson to use its SAVAGE Marks in connection with SAVAGE trimmer line.

31. During the call on December 16, 2020, Mr. Jim Allemand and Mr. Morrison, on behalf of Swanson and SNA respectively, agreed that Swanson would license the use of Swanson's SAVAGE Marks to SNA for SNA's use in connection with trimmer line ("License").

32. During the call on December 16, 2020, Mr. Jim Allemand and Mr. Morrison, on behalf of Swanson and SNA respectively, agreed the License would be effective as of the first date of SNA's public promotion or sale of the SAVAGE mark with trimmer line.

33. SNA sold the authorized SAVAGE-branded trimmer line through Lowe's and other retailers under the License.

34. The License is terminable at-will and was capable of performance in less than one year.

### SNA's Opposition to Swanson's Application

35. On October 2, 2023, Swanson filed an Application for SAVAGE for "non-metal grass and weed trimmer line comprised primarily of plastic and nylon" in Class 22 (Ser. No. 98/206,557).

36. On October 7, 2025, the Application was published for opposition in the USPTO *Trademark Official Gazette*.

37. On February 4, 2026, SNA filed a Notice of Opposition of the Application (Opp. No. 91304959) ("Opposition"). A copy of the Opposition is attached as Exhibit C.

38. The Opposition opposes the Application based on a likelihood of confusion under 15 U.S.C. § 1052(d) and no *bona fide* intent to use under 15 U.S.C. § 1051(b).

39. In the Opposition, SNA alleges that Swanson does not own the SAVAGE Line Marks.

40. In the Opposition, SNA alleges that SNA's use of the SAVAGE mark for trimmer line under license from Swanson inured to the benefit of SNA, and that Swanson is not entitled to register the Application.

41. In the Opposition, SNA alleges that, despite using the SAVAGE mark for trimmer line under license from Swanson, that SNA owns common law rights to the SAVAGE mark for trimmer line.

42. In the Opposition, SNA alleges that SNA owns prior rights to the SAVAGE mark for trimmer line, and that Swanson is not entitled to register the Application.

43. At all relevant times, SNA has sold, and continues to sell, the SAVAGE-branded trimmer line under the License. Exhibit D.

## COUNT I

### Declaratory Judgment
**At All Relevant Times, SNA was, and is, a Licensee of Swanson's SAVAGE Marks**
**28 U.S.C. § 2201**

44. Swanson repeats and realleges the allegations in Paragraphs 1 through 43 as though fully set forth herein.

45. An actual case or controversy exists within the meaning of Article III of the U.S. Constitution and the Declaratory Judgment Act, and Swanson hereby seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

46. Swanson granted SNA a License to use Swanson's SAVAGE Marks in connection with trimmer line.

47. SNA denies that it entered into the License with Swanson.

48. At all relevant times, SNA was, and is, a Licensee of Swanson's SAVAGE Marks

## COUNT II

### Declaratory Judgment
**Dismissal of the Opposition with Prejudice and Allowance of the Application**
**28 U.S.C. § 2201**

49. Swanson repeats and realleges the allegations in Paragraphs 1 through 48 as though fully set forth herein.

50. An actual case or controversy exists within the meaning of Article III of the U.S. Constitution and the Declaratory Judgment Act, and Swanson hereby seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

51. At the time of the Application, any and all of SNA's use of SAVAGE with trimmer line inured to the benefit of Swanson.

52. As a licensee at the time of the Application, SNA did not have prior rights to SAVAGE for trimmer line.

53. At the time of the Application, Swanson had a *bona fide* intent to use under 15 U.S.C. § 1051(b) because Swanson licensed SNA to use the SAVAGE Marks, which inured to the benefit of Swanson.

54. There can be no likelihood of confusion as to source under 15 U.S.C. § 1052(d) because SNA did not own any rights to the SAVAGE Marks at all relevant times, and any use of the SAVAGE marks by SNA was under license from Swanson.

55. Swanson is entitled to dismissal of the Opposition with prejudice and the allowance of the Application.

## **PRAYER FOR RELIEF**

WHEREFORE, Swanson prays that this Court enter a judgment and order against SNA declaring and ordering that:

1. The License is a valid and enforceable agreement;

2. SNA's use of Swanson's SAVAGE Marks at all relevant times is subject to the terms of the License;

3. Swanson fully performed its obligations under the License;

4. Swanson is the owner of the SAVAGE mark for the goods claimed in the Application;

5. SNA's use of Swanson's SAVAGE Marks for trimmer line prior to and at the time of the Application inured to the benefit of Swanson;

6. SNA's use of Swanson's SAVAGE Marks prior to and at the time of the Application is subject to the terms of the License;

7.    As a licensee, SNA is estopped from challenging Swanson's rights in the SAVAGE Marks, including the Application;

8.    As a licensee, SNA is estopped from challenging Swanson's rights and the validity of to its SAVAGE Marks, and the Opposition must be dismissed;

9.    Pursuant to 15 U.S.C. § 1119, issue an order to the Director of the United States Patent & Trademark Office to dismiss the Opposition with prejudice;

10.   Pursuant to 15 U.S.C. § 1119, issue an order to the Director of the United States Patent & Trademark Office to issue a Notice of Allowance for the Application; and

11.   Granting Swanson such other and further relief as this Court may deem fair and just.

Respectfully submitted,

Dated: June 5, 2026          By:    /s/Anthony M. DeLongis

Joseph V. Norvell (#6225747)
Michael K. Johnson (#6329878)
Anthony M. DeLongis (#6326808)
NORVELL IP LLC
PO Box 2461
Chicago, IL 60690
Telephone: 888-315-0732
Facsimile: 312-268-5063
courts@norvellip.com

*Attorneys for Plaintiff, Swanson Tool Co., Inc.*